**Charles H. GRUBB, Plaintiff-Appellee, Cross-Appellant,**

v.

**W.A. FOOTE MEMORIAL HOSPITAL, INC., a Michigan corporation, Defendant-Appellant, Cross-Appellee.**

Nos. 82–1879, 82–1888.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 24, 1984.

Decided April 16, 1985.

Rehearing and Rehearing En Banc Denied June 7, 1985.

Edward M. Richters (argued), Day, Berry & Howard, Hartford, Conn., John H.

Schomer, Dykema, Gossett, Spencer, Goodnow & Trigg, Jackson, Mich., for defendant-appellant, cross-appellee.

Joseph C. Marshall, III (argued), Dickerson, Wright, Moon, Robert P. Young, Detroit, Mich., for plaintiff-appellee, cross-appellant.

Before ENGEL and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

ENGEL, Circuit Judge.

In *Grubb v. W.A. Foote Memorial Hospital, Inc.*, 741 F.2d 1486 (6th Cir.1984), a majority of this panel, Judge Engel dissenting, directed the reversal of the judgment of the district court, 533 F.Supp. 671, insofar as it had found in favor of the plaintiff on his claim of racial discrimination and granted monetary and other relief therefrom. In all other respects the judgment was affirmed but the cause was directed to be remanded to the district court for the dismissal of the plaintiff's complaint. A timely motion for rehearing en banc was filed, and voting on the petition en banc was suspended when it appeared that the panel was reconsidering its original position.

Having now reconsidered its position in the light of the petition filed, a majority of the panel concludes that the issues with respect to Grubb's claim of racial discrimination are primarily factual and that the determinations made by the trial judge finding that plaintiff had been discharged because of racial discrimination are not clearly erroneous. In view of the completeness of the statement of facts, which is already published, a majority of the court believes that they are sufficient to support such a finding. A majority of the court also concludes that the trial judge did not err in fashioning appropriate relief. Accordingly, the original judgment of this court is vacated and the petition for rehear-

ing is granted. Upon reconsideration, the judgment of the district court is AFFIRMED.

WELLFORD, Circuit Judge, concurring.

I concur with the decision of Judge Engel, upon reconsideration, despite serious misgivings about the facts in this case. While I probably would have reached a different result with respect to the findings and conclusions made by the trial judge, it is she who had the responsibility to make the credibility determinations after an opportunity to assess the proof and evidence. I do not have the *conviction* after examining the record carefully that error has been committed and/or that an unjust result has been reached as does our brother, Judge Weick.

WEICK, Senior Circuit Judge, dissenting:

I adhere to the decision of this court, reported in 741 F.2d 1486 (6th Cir.1984), in which a majority of the panel held that the findings of fact of District Judge Patricia J. Boyle[1] relative to racial discrimination were not supported by substantial evidence and were clearly erroneous. Grubb filed a petition for rehearing with a suggestion that it be reheard en banc. A majority of the judges did not vote in favor of en banc consideration and the petition for rehearing was referred to the panel for determination. The panel then permitted the parties to file additional briefs with the result that Judge Wellford, who had signed the majority opinion, changed his mind and voted in favor of Judge Engel's opinion which granted the petition for rehearing, vacated the original judgment and affirmed the judgment of former District Judge Patricia J. Boyle. The short opinion of Judge Engel holds merely that former District Judge Boyle's findings of fact are not clearly erroneous and affirms her judgment which the previous panel had reversed. Since the majority has entered a new and different judgment from the one entered by the previous panel, does Foote Hospital have the

1. She is no longer a district judge of the Eastern District of Michigan but is now a state judge with the State Court of Michigan.

right to file a petition for rehearing with the suggestion that it also be reheard en banc?

The majority has overlooked the fact that, originally, Grubb was not employed by Foote, but by Mercy Hospital. Foote purchased Mercy and no doubt intended to secure some savings in personnel thereby. It did not need two supervisors, Mrs. Fountain and Grubb. Accordingly, Foote's officials, Culhane and Pelke, approved Carl's recommendation to dispense with the services of Grubb and to retain Mrs. Fountain, who had more experience at Foote than Grubb.

There was not an iota of evidence that any racial slurs were made by any official of Foote to Grubb. He testified that only supervisor Carl made the slurs to him. District Judge Boyle had authority to believe Grubb and not Carl, but Carl's slurs, even if made, were not binding on Foote. These slurs were not made by Foote's officials, Culhane and Pelke, or any other official of Foote, nor is there any proof that either of them or any other official of Foote Hospital had any knowledge of the alleged racial slurs made by Carl. It is very significant that Judge Boyle, in her findings of fact stated specifically with respect to both Culhane and Pelke: "I do not find, however, that the actions of either Mr. Culhane or Mr. Pelke in acquiescing in Mr. Carl's determination were prompted by discretionary motives." 533 F.Supp. at 674.

Further, it is not understandable why Grubb, if Carl had made the alleged racial slurs to him, did not at that time or at any other time report them to Culhane and Pelke or to any other official of Foote, particularly when Grubb was discharged.

This supports the original panel's determination and clearly demonstrates that the holding of the majority of the present panel is not only unsupported but is ill-founded. Actually, it does nothing but affirm the ill-considered judgment of a district judge which unnecessarily soaked an eleemosynary institution with heavy damages in addition to ordering the reinstatement of an unneeded employee.